Affirmed and Memorandum Opinion filed November 2, 2004









Affirmed and Memorandum Opinion filed November 2,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01159-CR

_______________

 

ROBERT ALVAREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 930,906



 



 

M E M O R A N D U M  
O P I N I O N

Appellant,
Robert Alvarez, appeals a conviction for murder on the ground that the trial
court erred in admitting his confession. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.

BACKGROUND








On
October 8, 2002, Rito Davila was visiting Lorie Alvarez, appellant=s sister.  Appellant and Belinda Molina, his girlfriend,
arrived at his sister=s house.  After
appellant began arguing with his sister, Davila decided to leave, stating that
he did not want to have any problems with appellant.[1]

As
Davila drove away, appellant fired a shotgun at him.  Appellant got into his girlfriend=s car and chased Davila.  Appellant shot at Davila again as they drove
down the road.  Davila drove off the road
and came to a stop on someone=s yard.  Appellant
fatally shot Davila and left.

On
November 18, 2002, Officer Chance Davis and Texas Ranger Freeman Martin saw
appellant=s girlfriend drive her car to a house
that was under surveillance based on a tip that appellant was inside.  Because they could not tell whether appellant
was in the car when she later drove away, Officer Davis stayed to watch the
house while Ranger Martin followed her. When she stopped at a store, Ranger
Martin found appellant in the back seat and arrested him.  Both appellant and his girlfriend were taken
to the police station, but after appellant confessed, his girlfriend was
released.

DISCUSSION

In his
sole issue, appellant contends the trial court abused its discretion in
denying  his motion to suppress his
confession.  Appellant argues that he
only confessed because of a threat to charge his girlfriend with harboring a
fugitive.

We
review a trial court=s decision on a motion to suppress evidence for an abuse of
discretion.  Balentine v. State,
71 S.W.3d 763, 768 (Tex. Crim. App. 2002). 
At a hearing on a motion to suppress evidence, the trial court is the
sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Because the trial court observes first-hand
the demeanor and appearance of the witnesses, it may choose to believe or
disbelieve all or any part of their testimony. 
Id.








When the
voluntariness of a confession is challenged, the State has the burden of
proving by a preponderance of the evidence that the confession was
voluntary.  Alvarado v. State, 912
S.W.2d 199, 211 (Tex. Crim. App. 1995). 
A confession is involuntary Aonly if there was official, coercive
conduct of such a nature that any statement obtained thereby was unlikely to
have been the product of an essentially free and unconstrained choice by its
maker.@ 
Id.; see also Mason v. State, 116 S.W.3d 248, 257
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d). 
A threat made by the police to arrest or punish a relative, or a promise
to free a relative in exchange for a confession, may render the confession
involuntary.  Roberts v. State,
545 S.W.2d 157, 161 (Tex. Crim. App. 1977); Hunter v. State, __ S.W.3d
__, No. 14-03-00534-CR, 2004 WL 2058386, at *3 (Tex. App.CHouston [14th Dist.] Sept. 16, 2004,
no pet. h.).  However, if no express or
implied threat or promise is made by the police, a prisoner=s belief that his cooperation will
benefit a relative will not render his confession inadmissible.  Roberts, 545 S.W.2d at 161; Hunter,
__ S.W.3d at __, 2004 WL 2058386, at *3. 
When a prisoner makes a self-motivated confession in order to extricate
an innocent relative from conditions that place the relative under suspicion,
the trial court may deem the confession voluntary.  Roberts, 545 S.W.2d at 161; Hunter,
__ S.W.3d at __, 2004 WL 2058386, at *3.

Appellant
contends that Ranger Martin expressly threatened to charge appellant=s girlfriend with harboring a
fugitive.[2]  However, Ranger Martin denied making any
threat or promise, and denied hearing anyone else do so.  Officer Davis confirmed that no one made any
threat or promise the entire time appellant was at the police station.  As the sole judge of the credibility of the
witnesses, the trial court had the discretion to believe the testimony of
Ranger Martin and Officer Davis, and determine that no express threat or
promise was made. See Ross, 32 S.W.3d at 855.








Appellant
also contends that the police impliedly threatened to charge his girlfriend
because she was taken to the police station at the same time as appellant, held
until appellant gave his confession, and never charged with a crime.  However, appellant was arrested while hiding
in the back seat of his girlfriend=s car.  Thus, appellant was the one who placed her
under suspicion of wrongdoing.  See
Roberts, 545 S.W.2d at 161; Hunter, __ S.W.3d at __, 2004 WL
2058386, at *4.  The trial court had the
discretion to determine appellant=s confession was self-motivated, and
not in response to an implied threat or promise.  See Roberts, 545 S.W.2d at 161;
Hunter, __ S.W.3d at __, 2004 WL 2058386, at *4.

Finally,
to support his argument that his confession was involuntary, appellant relies
on Tovar v. State, 709 S.W.2d 25 (Tex. App.CCorpus Christi 1986, no pet.).  However, Tovar is
distinguishable.  In Tovar, the
investigator testified the prisoner was told if he Atook the rap,@ no charges would be filed against
his wife.  Id. at 28.  The court held, AEven if the trial judge determined
that only the investigator=s testimony was credible, the totality of that testimony is
sufficient to establish that the confession was given in exchange for a promise
of leniency for appellant=s wife.@  Id. at
29.  In this case, the officers testified
that no express or implied threats or promises were made to appellant.  Thus, if the trial court determined that only
their testimony was credible, the totality of that testimony would not show
that a threat or promise was made. 
Appellant=s sole issue is overruled.

Accordingly,
the judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed November 2, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant
testified that he believed Davila was selling Lorie Alvarez crack cocaine.  However, aside from appellant=s testimony, there is no evidence in the record that
Davila was doing so.





[2]  Appellant also
refers to Molina as his common-law wife. 
The Court of Criminal Appeals has only addressed threats made against a Arelative.@  See Roberts v. State, 545
S.W.2d at 161.  However, because our
decision is unaffected by whether Molina was a relative within the meaning of Roberts,
we will not address the questions of whether Molina was appellant=s common-law wife or whether Roberts also
applies to a girlfriend.  We will simply
refer to Molina as appellant=s girlfriend and assume Roberts applies.